DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PROGRESSIVE AMERICAN INSURANCE COMPANY,**
Appellant,

v.

**HEAD TO TOE POSTURE REHAB, LLC,**
a/a/o ALIX LOUIS,
Appellee.

No. 4D21-647

[October 6, 2021]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Daniel Kanner, Judge; L.T. Case Nos. CACE19-22900 and COCE15-020470.

Kenneth P. Hazouri of deBeaubien, Simmons, Knight, Mantzaris & Neal, LLP, Orlando, for appellant.

Mac S. Phillips of Phillips Tadros, P.A., Fort Lauderdale, and Howard W. Myones of Myones Legal, PLLC, Fort Lauderdale, for appellee.

ARTAU, J.

Progressive American Insurance Company (the insurer) appeals from a final summary judgment entered in favor of Head to Toe Posture Rehab, LLC (the provider) as assignee of its chiropractic patient, Alix Louis (the insured), under the terms of the personal injury protection (PIP) provisions of the insured's automobile insurance policy (the policy). The trial court denied the insurer's motion for summary judgment and entered final summary judgment in the provider's favor after concluding that Medicare's Multiple Procedure Payment Reduction (MPPR) methodology could not be utilized because Medicare does not reimburse chiropractors for the therapy services at issue. We reverse because a provision within the PIP statute—section 627.736(5)(a)3., Florida Statutes (2014)—authorizes utilization of MPPR to limit PIP reimbursement for therapy services provided by a licensed chiropractor even though reimbursement to a chiropractor for those same services would not be provided at all under Medicare.

The policy at issue allows utilization of MPPR methodology to limit reimbursement. *See State Farm Mut. Auto. Ins. Co. v. Stand Up MRI of Boca Raton, P.A.*, 322 So. 3d 87, 96 (Fla. 4th DCA 2021) (MPPR is statutorily permissible where the "policy provided sufficient 'notice' of its intent to utilize 'Medicare coding policies and payment methodologies of the federal Centers for Medicare and Medicaid Services, including applicable modifiers,' such as the MPPR."); *State Farm Mut. Auto. Ins. Co. v. Pan Am Diagnostic Servs., Inc.*, 321 So. 3d 807, 809-10 (Fla. 4th DCA 2021) (MPPR does not impose "an improper utilization limit" under the PIP statute).

Section 627.736(5)(a)3. provides that an insurer applying the MPPR methodology "must reimburse a provider *who lawfully provided care or treatment under the scope of his or her license, regardless of whether such provider is entitled to reimbursement under Medicare* due to restrictions or limitations on the types or discipline of health care providers who may be reimbursed for particular procedures or procedure codes." § 627.736(5)(a)3., Fla. Stat. (2014) (emphasis added). This statute is clear and unambiguous. It requires an insurer utilizing the MPPR methodology to reimburse a medical service provider who provides care within the scope of the provider's valid license, regardless of whether a medical service provider within the same discipline would have been entitled to reimbursement under Medicare.

We therefore conclude that section 627.736(5)(a)3.'s plain language authorizes utilization of MPPR to limit PIP reimbursement for therapy services provided by a licensed chiropractor even though reimbursement to a chiropractor for those same services would not be provided at all under Medicare. Because the trial court concluded otherwise, we reverse the final summary judgment entered in the provider's favor and remand with instructions for the trial court to enter final summary judgment in favor of the insurer consistent with this opinion.

*Reversed and remanded with instructions.*

KLINGENSMITH and KUNTZ, JJ., concur.

\*       \*       \*

**Not final until disposition of timely filed motion for rehearing.**

2